## AGREEMENT AND GENERAL RELEASE

This Agreement and General Release (the "Agreement") is made by and between Lior Solaimani ("Plaintiff"), on the one hand, and Jenningsgate Rest., Inc., Sandra Finley and Shannon Finley (collectively "Defendants"), on the other hand.

WHEREAS, Plaintiff commenced an action on June 21, 2016, by filing a Complaint in the action *Lior Solaimani v. Jenningsgate Rest., Inc., Sandra Finley and Shannon Finley*, in the Eastern District Court of New York, Case No. 16-CV-03331-JFB-SIL (the "Action") alleging that Defendants were liable for, among other things, unpaid minimum wages, liquidated damages, and attorneys' fees; and

WHEREAS, the terms of this Agreement have been fully reviewed by Defendants, Plaintiff, and their respective counsel of their own choosing, and the parties have had an opportunity to consider this Agreement; and

WHEREAS, the parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion.

NOW, THEREFORE, the parties, for the good and sufficient consideration set forth below, agree as follows:

1. **Discontinuance**. Contemporaneously with the execution of this Agreement, Plaintiff shall authorize and direct her attorney to execute a Stipulation of Discontinuance With Prejudice of the Action (the "Stipulation") in the form attached hereto as Exhibit A, which shall be filed by Defendants' counsel no later than five (5) days after Defendants' counsel receives a signed copy of this Agreement from Plaintiff. Plaintiff agrees to execute any additional documents that may be needed to settle, waive, dismiss and withdraw, any and all known or unknown complaints, suits, actions, charges, claims or proceedings by Plaintiff against Defendants relative to any matter of any kind whatsoever existing or which could exist as of the date of the execution of this Agreement. In the event that, for any reason, any complaint, grievance, suit, action, charge, claim or proceeding filed by Plaintiff against Defendants existing as of the date of the execution of this Agreement is not wholly and finally dismissed, (i) Plaintiff authorizes Defendants to take all actions needed to obtain dismissal thereof; and (ii) Plaintiff shall not testify, provide documents or otherwise participate or permit others to participate in Plaintiff's behalf in such litigation or investigation arising therefrom, except as compelled by subpoena or law.

2. **Consideration**.

(a) In consideration for signing this Agreement and General Release, and complying with the terms and conditions here, Defendants agree to pay the total amount of Fifteen Thousand Dollars and No Cents ($15,000.00) as follows: (1) a check payable to "Lior Solaimani" in the amount of Nine Thousand Six Hundred Dollars and no cents ($9,600.00) for which a Form 1099 will be issued; and (2) a check payable to the "Law Office of Yale Pollack, P.C." in the amount of Five Thousand Four Hundred Dollars and no cents ($5,400.00) for

attorneys' fees and costs, for which a Form 1099 will be issued. The payments shall be delivered within fifteen (15) days after the Stipulation has been filed with the Court.

(b)     All checks shall be delivered to Attn.: Yale Pollack, The Law Offices of Yale Pollack, P.C., 66 Split Rock Road, Syosset, New York 11791.

(c)     Plaintiff acknowledges and understands that the portion of the Payment set forth in paragraph 2(a) above shall be made with no deductions or withholdings therefrom. Plaintiff acknowledges and agrees to assume all responsibility for amounts assessed or due pursuant to any federal, state or local governmental tax laws, if any, with respect to the Payment.

3. **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph "2" above, except for Plaintiff's execution of this Agreement and General Release and the fulfillment of the promises contained herein.

4. **General Release of All Claims**.

Plaintiff knowingly and voluntarily releases and forever discharges Defendants and Defendant's owners, shareholders, affiliates, subsidiaries, divisions, predecessors, successor and assigns, and their current employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and its administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Genetic Information Non-discrimination Act;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Age Discrimination in Employment Act of 1967;
- The Fair Labor Standards Act;
- The New York State Executive Law (including its Human Rights Law);
- The New York State Labor Law;
- The New York wage and wage–hour laws;
- The New York City Administrative Code (including its Human Rights Law);
- Any other federal, state or local civil, human rights, bias, whistleblower,

      discrimination, retaliation, compensation, employment, labor or other local, state or federal law, regulation or ordinance;

- Any amendments to the foregoing laws;
- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract, third-party beneficiary, tort or common law claim; or,
- Any claim for costs, fees, or other expenses including attorneys' fees.
- Nothing in this Agreement shall be construed to constitute a waiver or release of any right to any claims not waivable as a matter of law (such as claims that are not waivable under the New York Workers Compensation Law or for Unemployment Compensation Law).

  In consideration for One Dollar ($1.00) and other valuable consideration set forth herein, and excepting Plaintiff's obligations under this Agreement, Releasees hereby release Plaintiff from any and all known claims, causes of action, damages of any kind, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, judgments, executions, and demands of whatsoever kind or nature (in law or in equity), whether arising under common law, statute, regulation, code, regulation or any other executive, administrative, legislative or judicial authority or precedent, and whether based on breach of contract, breach of warranty, negligence, professional negligence, bad faith, fraud, indemnification, contribution, or any other theory of recovery which are known to Releasees as of the date of this Agreement.

    5. **Confidentiality and Non-Disparagement**.

    (a) The Parties acknowledge that Complaint has been filed in the Action containing Plaintiff's allegations against Defendants, and that such Complaint is accessible by members of the public. The Parties further acknowledge that this Agreement will be filed with the Court and similarly will be accessible to members of the public, including the settlement amount.

    (b) Notwithstanding the foregoing, the Parties shall not, except as compelled by law, take any action to affirmatively publicize or disclose to any person or entity any term of this Agreement, the amount to be paid under this Agreement, the making of this Agreement, Plaintiff's receipt of the payment under this Agreement, or the claims made by Plaintiff against Releasees. This provision barring communication and ensuring confidentiality prohibits disclosure of confidential information by media, Internet and all other communications. The Parties are permitted to disclose the terms of this Agreement with the Party's spouse, attorney or tax advisor (each of whom first must agree not to make any disclosure that Plaintiff himself could not make).

    (c) In the event Releasees prove in a Court of competent jurisdiction in New York State, that Plaintiff took affirmative action to breach this Paragraph, then any harmed Releasee will be entitled to recover $5,000.00 as liquidated damages. In addition, if such an action is commenced, the prevailing party shall be entitled to recover its reasonable attorneys' fees.

    (d) Plaintiff agrees not to defame, disparage or demean Defendants in

any manner whatsoever. Similarly, Defendants agree not to defame, disparage or demean Plaintiff in any manner whatsoever.

6. **Acknowledgments and Affirmations**.

(a) The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

(b) Plaintiff affirms that she is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

7. **Governing Law and Interpretation**.

(a) This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties expressly stipulate and agree that any action shall be brought in the Supreme Court of the State of New York, County of Suffolk and shall be heard by a judge sitting without a jury.

8. **Nonadmission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and General Release.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.

11. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

12. **Execution**.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between the Parties.

(b) The Parties confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission to execute this Agreement and were not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 12/1, 2016    By: _____
                          LIOR SOLAIMANI

Dated: 11/18, 2016   By: _____
                          JENNINGSGATE REST. INC.
                          Name: Sandra Finley
                          Title: President

Dated: 11/18, 2016   By: _____
                          SANDRA FINLEY

Dated: 11/18, 2016   By: _____
                          SHANNON FINLEY